(No. 32787.—<span style="background:black">■■■■■■■■■■</span>
IN RE RUSSELL J. ALVAREZ, Attorney, Respondent.

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

REYNOLDS M. EVERETT, of Galva, *amicus curiae.*

RUSSELL J. ALVAREZ, of Jacksonville, *pro se,* and WALTER T. DAY, of Springfield, (HARDIN HANKS, of Beardstown, of counsel,) for respondent.

Mr. JUSTICE FULTON delivered the opinion of the court:

On complaint of the Morgan County Bar Association, the Committee on Inquiry of the Illinois State Bar Association filed on July 5, 1952, a complaint against the respondent, Russell J. Alvarez, charging him with practices tending to defeat the administration of justice and to bring the legal profession into disrepute. After notice to the respondent, pleadings were filed and a hearing held by the Committee on Grievances. The general charge made against the respondent concerned the handling of a claim sent to him for collection by the Southwestern Petroleum Company of the State of Texas.

After an extended hearing and the taking of a large amount of testimony, the Committee on Grievances recom-

mended that the respondent be suspended from the practice of law in the State of Illinois for a period of six months, and that he be severely censured. A copy of the report was duly served on the respondent and in due time he filed objections to the report. The committee overruled the objections and transmitted the record to the Board of Governors for consideration. A hearing was had before the Board of Governors, acting as Commissioners under Rule 59 of this court, on December 13, 1952, where respondent appeared together with his counsel. After certain facts were stipulated, a hearing was had upon objections to the report of the Committee on Grievances.

On a complete review the Board of Governors affirmed the action of the Committee on Grievances and recommended that respondent be suspended from the practice of law in the State of Illinois for a period of six months and that he be severely censured.

The respondent was admitted to practice law in the State of Illinois in the year 1924, and has practiced his profession almost continuously since that date. Since 1940, he has been in the general practice of law in the city of Jacksonville, Morgan County, where he now resides.

There is little dispute about the main facts or the charges made by the State Bar Association and its respective committees. The record shows that in May, 1950, the respondent accepted from the Southwestern Petroleum Company, a Texas corporation, a claim for collection against one Leslie Ankrom, of Jacksonville, amounting to the sum of $239.45.

On June 20, 1950, respondent wrote the company and recommended suit and requested advancement of costs. On June 30, 1950, the company sent respondent a check for ten dollars to cover costs of suit; on July 15, 1950, judgment was obtained against the debtor for $239.45 and respondent so advised the company.

On July 22, 1950, debtor paid respondent the sum of $100 to apply upon the judgment, but respondent made no

report to the company of this partial collection. On December 6, 1951, debtor paid to respondent the balance of $157.35, fully satisfying the judgment and costs, but' no report of the collection of the money was sent by respondent to the Southwestern Petroleum Company.

The company wrote repeatedly to respondent for a report on the status of the account, (some fifteen letters,) and requested remittance of funds as collected, but none of these letters were answered by respondent, and several of them were never opened.

The respondent admits that all the funds he collected on the claim were deposited in the bank under a joint account carried by himself and wife and that the collections were commingled with his own banking balance; that the balance in the bank account was not at all times sufficient to meet the full amount of the collections made for the Southwestern Petroleum Company, but that he was at all times solvent because he and his wife always kept a considerable amount of cash on hand in their home and were the owners of a modest amount of U.S. bonds, and could at any time have remitted the full amount of the collection.

Andrew A. Ormiston, a practicing lawyer in Jacksonville, testified that on January 24, 1952, he received a letter from the Southwestern Petroleum Company asking him to contact respondent concerning their collection. Ormiston called respondent and was told that respondent had collected part of the account and would collect the balance within the next ten days or two weeks. About February 22, 1952, Ormiston had a further inquiry from the company, and upon calling the respondent, he was told that Alvarez's father was ill, that he was very busy and would take care of the matter as soon as possible. These conversations occurred two or three months after respondent had collected the full amount of the claim, together with costs.

Respondent also offered as excuses for delay that he was alone in his office, that he did his own typing, that in

the spring of 1952, his office was redecorated, disarranging his files; that his father was ill and required much of his attention, and that he had been engaged in two political campaigns.

One cannot read the record without being convinced that the respondent has been guilty of glaring procrastination, delay and inattention to the claim of the Southwestern Petroleum Company. His failure to answer any of the company's many letters and inquiries, or even to open several of them, showed him guilty of gross negligence in the handling of the company's claim.

His failure to report the collection of $100 upon the judgment for a period of nearly two years is inexcusable.

His misrepresentations to lawyer Ormiston, when the latter inquired about the claim, were false and deceitful. We believe the respondent, Russell J. Alvarez, has been guilty of conduct which tends to defeat the administration of justice and brings the courts and the legal profession into disrepute.

No recommendation has been made to this court that respondent be disbarred. Both the Grievance Committee and the Board of Governors of the State Bar Association have recommended suspension and censure.

On a careful inspection of the record, we believe the action of the Board of Governors was fully warranted in recommending suspension.

Therefore, we suspend the respondent from the practice of law in this State for the period of three months and he is hereby severely censured.

*Respondent censured and suspended.*